JANE KARR HOFF, ADMINISTRATRIX, RESPONDENT, v. EDWARD W. LEE, DIRECTOR OF REVENUE AND FINANCE, AND FREDERICK W. DONNELLY, EDWARD W. LEE, WILLIAM J. MULLIN, WILLIAM TETTEMER AND GEORGE W. GUTHRIE, THE POLICE AND FIRE PENSION COMMISSION OF TRENTON, NEW JERSEY, APPELLANTS.

Submitted March 26, 1923—Decided June 18, 1923.

On appeal from the Supreme Court, in which the following *per curiam* was filed:

"This case is before us on a rule to show cause why a peremptory or alternative writ of *mandamus* should not be issued to those constituting the police and fire pension commission of Trenton, New Jersey, to fix and determine the amount to be paid to the police and fire pension fund by J. Wallace Hoff, the relator, pursuant to section 4 of chapter 160 of the laws of 1920. The question presented in this proceeding is the same presented in the case of *Van Horn* v. *Donnelly et al.,* 96 *N. J. L.* 345. Mrs. Van Horn was elected a janitress in the fire department of Trenton on March 16th, 1892, at the time of the inception of the paid fire department of the city of Trenton. At the same meeting and by the same resolution, Mr. Hoff, the relator, was elected secretary or clerk of the fire department. We feel that we are controlled by the decision of this court in the Van Horn case. We do not think the present case is differentiated from the Van Horn case by reason of the fact that the relator has been made 'deputy director of public safety,' an office for which there appears to be no legal warrant.

"A peremptory writ of *mandamus* will issue. As an order awarding a peremptory writ of *mandamus* is not appealable (*Morris & Cummings Dredging Co.* v. *Bayonne,* 76 *N. J. L.* 573), the court will, if an appeal is desired, on application, frame the pleadings so as to permit an appeal to be taken."

For the appellants, *Katzenbach & Hunt.*

For the respondent, *Henry M. Hartmann.*

PER CURIAM.

This was an action for a *mandamus* to compel the police and fire pension commission of Trenton to place the name of relator, J. Wallace Hoff, upon the roll of members entitled to the benefit of the fund created by chapter 160. *Pamph. L.* 1920, *p.* 324. He died *pendente lite,* and his administratrix has been substituted as relator. The pleadings were properly molded and judgment for a peremptory writ was awarded, and has been brought here by appeal.

The Supreme Court in a *per curiam* held that a peremptory writ should issue, concluding that the case was governed by *Van Horn* v. *Donnelly,* 96 *N. J. L.* 345, which has recently been affirmed in this court, *post p.* 909. We think this a correct disposition of the case at bar and that the judgment under review should be affirmed, for the reasons stated in the opinion of the Supreme Court.

Let the judgment be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BERGEN, MINTURN, WHITE, HEPPENHEIMER, ACKERSON, VAN BUSKIRK, JJ.    10.

*For reversal*—None.